Dear Mr. Pringle:
I am in receipt of your letter requesting the issuance of an Attorney General's opinion concerning the applicability of the Constitution, La. R.S. 49:971 or other statutes to increases in campsite lease rates.
Your letter indicates that the Caddo Levee District currently owns approximately 225 one acre campsites which it leases for three year periods to the general public. The Board of Commissioners wants to increase its campsite lease rates which have not changed since 1995. You raise the question about whether some Constitutional or statutory provision prevents the Board from increasing its campsite lease rates.
La. Const. Art. 7, Section 2.1, states that "any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or board, department or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature."
La. R.S. 49:971 is Louisiana's version of the Administrative Procedures Act and deals with "[r]ejection of agency fee adoption, increases, or decreases; prohibition against fee increases and new fees; exceptions." Section 971(A)(1) provides that:
 [i]f either the House or Senate oversight subcommittees appointed pursuant to R.S. 49:968
determines that a proposed fee adoption, increase or decrease is unacceptable, the respective subcommittee shall provide a written report containing the reasons therefore, to the governor, the agency proposing the fee adoption, increase or decrease, and the other house of the legislature. If the oversight committee of the other house of the legislature likewise determines that the proposed fee adoption, increase or decrease is unacceptable the fee action shall not be adopted by the agency.
Both La. Const. Art. 7 and La. R.S. 49:971 involve the executive branch of state government. La. Const. Art. 7 applies to "the state or board, department or agency of the state." Likewise, La. R.S. 49:971 makes reference to a state agency which is defined in La. R.S. 49:200 (C) as "any board, commission, department division, agency, office or other entity within the executive, judicial, and legislative branches of government."
Levee districts, on the other hand, do not fall under the Executive Branch in the Constitution. Rather, La. Const. Art. 6
concerns itself with and is entitled "Local Government." Under La. Const. Art. 6, Section 38, the Constitution provides for "Levee Districts."
La. R.S. 38:281(6) defines a levee district as "a political subdivision of this state." A political subdivision is not the same as some "state or board, department or agency of the state." It is instead "a parish, municipality or any other unit of local government, including a school board and special district, authorized by law to perform governmental functions." La. R.S.42:62; see also Wynat Development Company v. Board of LeveeCommissioners for Parish of New Orleans, 710 So.2d 783, 790 (La. 1998).
Since the Caddo Levee District is a political subdivision of the state and is not a state board, commission, department, agency, special district, authority, or other entity of the state, the Constitution and the Administrative Procedures Act are not applicable here. Therefore, it is unnecessary to analyze whether the Levee Board's rental charge is a fee. It is the opinion of this office that the Caddo Levee District is not subject to the fee provisions set forth in La. Const. Art. 7 or La. R.S. 49:971 and that it does have the power to increase its campsite lease rates.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL